FOULKE et al. v. DE WITT (HINES, Intervener).

S. F. No. 814; March 4, 1898.

52 Pac. 476.

Vendor and Purchaser—Authority of Agent—Execution—Sale —Satisfaction—Vendor and Vendee.—Where a Husband and Wife sue to compel a conveyance of land to the wife, and he alleges in the complaint that he has no interest in the land, defendant cannot object that he was bound to convey to the husband, who had not in writing authorized a conveyance to the wife, as the complaint is a sufficient authorization.

Vendor and Vendee.—A Husband Contracted to Buy Land, and thereafter the wife tendered the amount due, and then sued to compel a conveyance to her. In the meantime an intervener had bought the land under an execution in his favor against the husband, and received a certificate of sale. Held, that the intervener could not complain of a decree requiring the wife to deposit with the clerk the amount of such execution, costs, interest, etc., to be paid to him upon his discharging his certificate, as a condition precedent to a conveyance to her by defendant.

APPEAL from Superior Court, Fresno County.

Action by Sarah I. Foulke and husband against H. G. De Witt and J. N. Hines, intervener. Defendant and intervener appeal from the judgment. Affirmed.

L. L. Corey and L. W. Moultree for appellants; Geo. B. Graham for respondents.

SEARLS, C.—Action brought in the county of Fresno to enforce the conveyance by defendant to Sarah L. Foulke, wife of the other plaintiff, of certain lots of land in the town of Clovis, in said county of Fresno. Afterward J. N. Hines intervened in the action, claiming an interest in the property adversely to the plaintiffs. Judgment was rendered in favor of the plaintiffs and against the defendant, and in favor of intervener, from which judgment the defendant and intervener prosecute this appeal. The record contains a bill of exceptions, and the appeal was taken within sixty days from the entry of judgment.

The facts, as stated in the complaint and found by the court, may be briefly stated as follows: The plaintiff Sarah

I. Foulke, wife of her coplaintiff, on or about November 27, 1894, negotiated with the owners of the lots described in the complaint, through H. G. De Witt, for the purchase of said lots. A written agreement was entered into, by the terms of which the vendors agreed to convey the lots to H. A. Foulke, the husband of plaintiff, the latter giving his promissory notes for the purchase price, except the sum of $10 paid in cash from the money of the wife. This agreement was executed for the vendors by defendant, De Witt, as their agent. Plaintiffs entered into possession of the lots and constructed a house thereon. . Subsequently defendant, De Witt, represented to the plaintiffs that the vendors were desirous of changing the streets adjoining said lots, and the lots to such an extent as to conform to the streets. Thereupon the written agreement was surrendered to De Witt, who turned the same over to the vendors, paid or procured the notes given by H. A. Foulke, and took a deed to the lots in his own name. De Witt surrendered the notes to plaintiff, and agreed to convey the property to plaintiffs when paid therefor the amount due him, viz., $177.37. On November 7, 1895, plaintiff Sarah L. Foulke tendered the amount due to De Witt, and demanded a deed in her own name; the other plaintiff at the same time notifying said De Witt that the lots were the sole property of said Sarah I. Foulke, and that he, the said H. A. Foulke, had no interest therein, and he disclaims any interest in the complaint. Defendant refused to execute the deed. The complaint avers in a general way the agency of H. A. Foulk for his coplaintiff.

The pleading is defective in many respects, and would have been held bad as against a special demurrer, but is regarded sufficient as against the general demurrer interposed. The defendant De Witt denies making any contract with Sarah I. Foulke, but avers making the contract with H. A. Foulke. In his testimony he detailed the facts showing that he knew nothing of any interest being claimed by the female plaintiff until about the time the deed was demanded, and testified that he then offered to deed the property to H. A. Foulke, or to Mrs. Foulke, if certain claims of Hines and another were paid. Indeed, the defendant seems to have acted in good faith, and with a view to preserve the property to the husband plaintiff, whom he supposed to be the owner. There is nothing in the fact urged that the authorization of H. A.

Foulke was not in writing. The plaintiffs, by their complaint, have in writing and in the most solemn manner ratified the act of purchase.

The intervener, J. N. Hines, by his complaint in intervention, set out, in substance, that on the twenty-eighth day of October, 1895, he obtained a judgment against H. A. Foulke in justice's court for $137.15; that execution issued thereon was levied upon the lots of land involved herein, and a sale had, at which he became the purchaser for $139.90; that he received a certificate of sale, which he still holds; and that no redemption has been made. The court below decreed that the plaintiff Sarah I. Foulke deposit with the clerk for the intervener the amount of his demand, to wit, $148.30, as a condition precedent to the delivery of a deed to her from the defendant, said sum to be paid to Hines upon his discharging his certificate of purchase, etc. The intervener thus obtained judgment for his claim in full, with interest. There are some technical errors in the record, but, as the appellants do not seem to be injured thereby, and appear to have suffered no injustice by the judgment, except in the matter of costs as heretofore indicated, we recommend that the judgment be affirmed.

We concur: Britt, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment is affirmed.